Mark J. Wilk, OSB #814218
mwilk@oregonlawcenter.org
Azanet Hayden, OSB #203816
ahayden@oregonlawcenter.org
Oregon Law Center
230 W. Hayes Street
Woodburn, Oregon 97071
Phone: (503) 981-0336
Fax: (503) 981-0373

Stephen Walters, OSB #801200
swalters@oregonlawcenter.org
Oregon Law Center
522 SW 5th Ave, Suite 812
Portland, OR 97204

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| ALEJANDRO HERNANDEZ RAMIREZ, NICOLAS HERNANDEZ, FRANCISCO VASQUEZ MARTINEZ, | Case No. 1:21-cv-00324 |
| Plaintiffs, | |
| v. | COMPLAINT |
| **COLT JAMISON HANSEN,** an individual **WESTCOAST GROWERS, LLC., TOPSHELF HEMP, LLC., FIRE HEMP, LLC.,** | Migrant and Seasonal Agricultural Worker Protection Act (29 USC §§ 1801 – 1872), Camp Operator Registration Act (ORS 658.750), Oregon Contractor Registration Act (ORS 658.440), Oregon Wage statutes (ORS 652.145 and ORS 652.150) |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## I.   PRELIMINARY STATEMENT

1. Plaintiffs are migrant agricultural workers who were recruited by an unlicensed contractor to work seasonally in agriculture for Defendants in Josephine County, Oregon.  Defendants did not give Plaintiffs written employment disclosures or employment contracts, failed to ensure that their housing complied with safety and health laws, and failed to pay them their final wages.  Defendants are not registered or licensed to provide migrant agricultural housing in Oregon.

2. Plaintiffs bring this action to enjoin defendants from using the services of unlicensed farm labor contractors and from providing migrant agricultural labor housing without proper registration, licensing, and inspection.  Plaintiffs are entitled to recover statutory damages and unpaid wages under the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), Oregon Camp Operator Registration Act (CORA), Oregon Contractor Registration Act (OCRA), and Oregon wage statutes.

## II.   JURISDICTION AND VENUE

3. Jurisdiction over Plaintiffs' federal claims is conferred on this Court by 28 U.S.C. §1331, in that this action arises under the laws of the United States, 29 U.S.C. §1854(a) (AWPA).

4. This Court has supplemental jurisdiction of the claims based in Oregon law under 28 U.S.C. §1367, as all claims are so related as to form part of the same case or controversy.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), being the judicial district in which all of the events of this litigation arise and all Defendants reside.

## III.   PARTIES

6. Plaintiff Alejandro Hernandez Ramirez, a resident of California, worked for Defendants in Oregon from approximately June 2, 2020 until approximately July 16, 2020, performing

agricultural labor of a seasonal or temporary nature on Defendants' hemp farm, located at 3903 Helms Rd. Grants Pass, OR 97527.

7. Plaintiff Nicolas Hernandez, a resident of California, worked for Defendants in Oregon from approximately June 2, 2020 until approximately July 16, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp farm, located at 3903 Helms Rd. Grants Pass, OR 97527.

8. Plaintiff Francisco Vasquez Martinez, a resident of California, worked for Defendants from approximately June 2, 2020 until approximately July 16, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp farm, located at 3903 Helms Rd. Grants Pass, OR 97527.

9. At all times relevant to this action, Plaintiffs were migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. §1802(8)(a), in that they were employed in agricultural labor of a seasonal or temporary nature and were required to be absent overnight from their permanent place of residence.

10. Defendant Colt Jamison Hansen., ("Hansen") is an individual engaged in the business of growing and marketing hemp. At all relevant times, Defendant Hansen was an agricultural employer under AWPA, 29 U.S.C. §1802(2) who provided and controlled migrant agricultural worker housing, 29 U.S.C. § 1821(c) and 1823. Defendant Hansen does business under a number of different names and entities, including Defendants WestCoast Growers LLC., Topshelf Hemp LLC., and Fire Hemp LLC. ("Entity Defendants"). Each of the Entity Defendants lists its business address as 700 Merlin Rd. Grants Pass, OR 97526, and names Defendant Hansen as its managing member and registered agent. On information and belief, Defendant Hansen used some or all of the Entity Defendants to recruit and

employ Plaintiffs and to commit the statutory violations and other wrongful acts described in this Complaint.

11. At all times relevant to this action, Defendant WestCoast Growers, LLC., ("WestCoast") was a domestic limited liability company registered in Oregon with its principal place of business in Grants Pass, OR, and was an agricultural employer under AWPA, 29 U.S.C. §1802(2) that provided and controlled migrant agricultural worker housing, 29 U.S.C. § 1821(c) and 1823. Defendant WestCoast is registered with the Oregon Department of Agriculture as a hemp grower and handler.

12. At all times relevant to this action, Defendant Topshelf Hemp, LLC., ("Topshelf") was a domestic limited liability company registered in Oregon with its principal place of business in Grants Pass, OR, and was an agricultural employer under AWPA, 29 U.S.C. §1802(2) that provided and controlled migrant agricultural worker housing, 29 U.S.C. § 1821(c) and 1823. Defendant Topshelf is registered with the Oregon Department of Agriculture as a hemp grower and handler.

13. At all times relevant to this action, Defendant Fire Hemp, LLC., ("Fire Hemp") was a domestic limited liability company registered in Oregon with its principal place of business in Grants Pass, OR, and was an agricultural employer under AWPA, 29 U.S.C. §1802(2) that provided and controlled migrant agricultural worker housing, 29 U.S.C. § 1821(c) and 1823.

## IV.   FACTS

14. Defendants, using an unlicensed farm labor contractor, Eliodoro Ibarra Diaz, recruited Plaintiffs and other workers for the soil preparation and planting of industrial hemp plants and to complete other tasks as assigned by Defendant Hansen at Defendants' hemp farm, located at 3903 Helms Rd. Grants Pass, OR 97527.

15. On or about June 1, 2020, Eliodoro Ibarra Diaz, met Plaintiffs in Madera, California, and had Plaintiffs follow him in their own vehicles to Defendants' hemp farm, located at 3903 Helms Rd. Grants Pass, OR 97527.

16. Defendants failed to attest, under penalty of perjury and on an Employment Eligibility Verification form (I-9), that they had verified that the Plaintiffs were not unauthorized aliens.

17. Defendants, on or before the date of the commencement of employment, failed to furnish Plaintiffs with a withholding allowance certificate (W-4).

18. Plaintiffs were not clear which of the Entity Defendants purported to employ them but understood that they worked for "Colt," meaning Defendant Hansen.

19. Defendants, upon information and belief, failed to deduct and withhold from Plaintiffs' wages, a tax determined in accordance with IRS tax laws.

20. While employed, Defendants provided Plaintiffs and other migrant workers agricultural labor housing on-site at Defendants' farm.

21. Defendants failed to ensure that the housing complied with applicable health and safety standards.

22. The housing provided by Defendants for Plaintiffs and other migrant workers was unsafe, unhealthy, and in violation of the law.

23. Defendants failed to post a notice of the terms and conditions of occupancy of housing facilities provided to the Plaintiffs.

24. Plaintiffs and three other workers were assigned to share a trailer home to sleep in.

25. Plaintiffs and other workers were not provided beds or bedding, so they slept on the floor.

26. The trailer where Plaintiffs and other workers were housed did not have water or working bathrooms; the nearest bathroom was in a warehouse which was more than 200 feet away

from where they were housed.

27. The trailer where Plaintiffs and other workers were housed did not have air conditioning or fans to keep cool in the hot summer months.

28. The trailer where Plaintiffs and other workers were housed had exposed insulation, unfinished walls, and electrical wiring hanging from the ceiling.

29. Plaintiffs and other workers did not have access to safe and sanitary cooking facilities, in that they were required to prepare their meals outside on an outdoor grill.

30. Plaintiffs and other workers were not provided an adequate number of tables and chairs, and Plaintiffs and other workers had to stand to eat and they were not able to prepare their meals on tables.

31. Defendants failed to provide written employment disclosures to Plaintiffs at the time of recruitment, approximately June 1, 2020.

32. Defendants failed to provide Plaintiffs with written employment contracts in June of 2020.

33. On or about June 2, 2020, Plaintiffs began performing agricultural labor on Defendants' hemp farm.

34. Defendants promised to pay Plaintiffs gross wages at fifteen dollars per hour.

35. Defendants paid Plaintiffs their wages in cash for the first three weeks that they worked.

36. Defendants failed to pay Plaintiffs for the last 286 hours that they worked.

37. Plaintiffs terminated their employment with Defendants on or about July 16, 2020, because of Defendants' failure to pay their wages.

38. Defendants, upon information and belief, failed to make, keep, and preserve accurate time records of Plaintiffs' hours of work, their gross and net pay, and all deductions taken from their pay in June and July of 2020.

39. Defendants failed to provide Plaintiffs with itemized pay statements that listed all of the hours they worked, the specific amounts and bases for all deductions, the employer's name and address, and the employer identification number (EIN) in June and July of 2020.

40. Defendants, upon information and belief, failed to timely file certified payroll records with the Oregon Bureau of Labor and Industries for June and July of 2020.

41. Defendants willfully failed to pay plaintiffs their final pay immediately upon termination of their employment.

42. Defendants actions were intentional for purposes of the AWPA.

43. Plaintiffs made written demand for their unpaid wages and statutory damages on October 21, 2020, and November 17, 2020.

44. Plaintiffs have attempted in good faith to resolve this dispute without litigation.

45. Plaintiffs filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) prior to filing this civil action.

46. Plaintiffs and other migrant workers have suffered damages by being required to live in unsafe and unhealthy agricultural labor housing and will be subject to the real threat of having to continue to live in unlawful housing conditions in the absence of injunctive relief.

47. Plaintiffs and other migrant workers will continue to work in agriculture and suffer harm unless defendants are enjoined from future law violations pursuant to 29 U.S.C. § 1854(c), ORS 658.475 and ORS 658.805(3).

48. Plaintiffs have been required to obtain the services of an attorney to enforce their rights and seek attorney fees pursuant to ORS 658.805(4), ORS 658.475, and ORS 652.200(2).

V.  CLAIMS FOR RELIEF

**FIRST CLAIM: (Migrant and Seasonal Agricultural Worker Protection Act (AWPA))**

49.  Plaintiffs re-allege paragraphs 1-48.

50.  Defendants intentionally violated the AWPA in that:

   a.  Defendants failed to provide Plaintiffs with written work disclosures upon recruitment in June of 2020, in violation of 29 USC § 1821(a).

   b.  Upon information and belief, Defendants failed to make, keep, and preserve accurate payroll records in June and July of 2020, in violation of 29 USC § 1821(c)(1).

   c.  Defendants failed to provide Plaintiffs with adequate itemized wage statements in June and July of 2020, in violation of 29 USC § 1821(c)(2).

   d.  Defendants failed to pay Plaintiffs all of their wages when due in June and July of 2020, in violation of 29 USC § 1822(a).

   e.  Defendants failed to ensure that the housing he provided complied with applicable health and safety standards, in violation of 29 USC § 1823(a).

   f.  Defendants failed to post a notice of the terms and conditions of occupancy of housing facilities provided to the Plaintiffs in violation of 29 USC § 1821(c).

   g.  Defendants used an unlicensed farm labor contractor, in violation of 29 USC § 1842.

51.  Plaintiffs are entitled injunctive relief against Defendants for the above-listed violations pursuant to 29 U.S.C. § 1854(c).

52.  Each Plaintiff is entitled to statutory damages of $500.00 for each of Defendant's violations of the AWPA pursuant to 29 U.S.C. § 1854, together with their court costs.

**SECOND CLAIM: (Oregon Camp Operator Registration Act (CORA) ORS 658.750)**

53. Plaintiffs re-allege paragraphs 1-52.

54. Defendants intentionally violated the CORA in that:

    a. Defendants violated ORS 658.755(2)(a) by not registering the agricultural labor housing with OR OSHA, pursuant to ORS 658.750(1).

    b. Defendants violated ORS 658.717(1) by failing to post a required informational notice on a form provided by OR-OSHA.

    c. Defendants violated ORS 658.755(2)(e) by failing to comply with all applicable health and safety laws.

    d. Defendants violated ORS 658.755(1)(c) by assisting a person not entitled to operate agricultural labor housing to act in violation of ORS 658.705 to 658.850, or ORS 658.405 to 658.503, or ORS Chapter 654.

    e. Defendants violated ORS 658.730(2) by failing to post conspicuously a farm labor contractor indorsement to operate agricultural labor housing.

55. Plaintiffs are entitled injunctive relief pursuant to ORS 658.805(3) to enjoin Defendants from committing the above-listed violations in the future.

56. Each Plaintiff is entitled to recover statutory damages of $500 pursuant to ORS 658.805(4).

57. Plaintiffs are entitled to recover attorney fees pursuant to ORS 658.805(4).

**THIRD CLAIM: (Oregon Contractor Registration Act (OCRA) ORS 658.440)**

58. Plaintiffs re-allege paragraphs 1-57.

59. Defendants intentionally violated the OCRA in that:

    a. Defendants failed to pay Plaintiffs all wages when due in June and July of 2020, in violation of ORS 658.440(1)(c).

  b. Defendants failed to ensure that housing complied with safety and health laws, in violation of ORS 658.440(2)(b).

  c. Defendants assisted an unlicensed person to violate the OCRA by using an unlicensed contractor to recruit Plaintiffs, in violation of ORS 658.440(3)(e).

  d. Defendants failed to provide written work disclosures to Plaintiffs upon recruitment in June of 2020, in violation of ORS 658.440(1)(f).

  e. Defendants failed to provide Plaintiffs with written work agreements at time of hire in June of 2020, in violation of ORS 658.440(1)(g).

  f. Defendants failed to provide Plaintiffs with adequate itemized written wage statements in June and July of 2020, in violation of ORS 658.440(1)(h).

  g. Defendants under information and belief, failed to timely file certified payroll records with the Oregon Bureau of Labor and Industries for June and July of 2020, in violation of ORS 658.440(1)(i).

60. Plaintiffs are entitled to injunctive relief pursuant to ORS 658.475 to enjoin Defendants from using the services of unlicensed farm labor contractors.

61. Each Plaintiff is entitled to statutory damages of $1000.00 for each of Defendants' violations of the OCRA pursuant to ORS 658.453(4), together with their court costs and attorney fees.

### FOURTH CLAIM: (Nonpayment of Wages ORS 652.145)

62. Plaintiffs re-allege paragraphs 1-61.

63. Defendants failed to pay Plaintiffs their final wages.

64. Plaintiff Alejandro Hernandez Ramirez is entitled to recover $4,290.00 in unpaid wages pursuant to ORS 652.145

65. Plaintiff Nicolas Hernandez is entitled to recover $4,290.00 in unpaid wages pursuant to

ORS 652.145

66. Plaintiff Francisco Hernandez Martinez is entitled to recover $4,290.00 in unpaid wages pursuant to ORS 652.145

67. Plaintiffs are entitled to recover court costs and attorney fees, pursuant to ORS 652.200(2).

### FIFTH CLAIM: (Late Payment of Wages ORS 652.150)

68. Plaintiffs re-allege paragraphs 1-67.

69. Defendants failed to pay Plaintiffs all of their wages immediately when work ended and further failed to pay Plaintiffs their unpaid wages after their written demand.

70. Each Plaintiff is entitled to recover statutory penalty wages in the amount of $3,600.00 for their work in from approximately June 2, 2020 until approximately July 16, 2020, pursuant to 652.150.

71. Plaintiffs are entitled to recover court costs and attorney fees, pursuant to ORS 652.200(2).

### SIXTH CLAIM: (Veil Piercing Claims Against Colt Jamison Hansen)

72. Plaintiffs re-allege paragraphs 1-71.

73. Defendant Hansen is the owner, registered agent, and manager of Entity Defendants.

74. Hemp is grown and harvested by Entity Defendants from the same location, 3903 Helms Rd., Grants Pass, OR 97527.

75. Defendant Hansen has actual control over Entity Defendants.  Entity Defendants have shared employees, shared offices, and are operated in essence as a single enterprise for the growing and handling of hemp.  There has been a disregard in the corporate form as it relates to Entity Defendants.

76. Entity Defendants have been used in bad faith, are upon information and belief undercapitalized, and have disregarded the corporate form.  Entity Defendants were created

as a sham to evade creditors.

77. There is a unity in interest among Defendant Hansen and Entity Defendants such that each of them is jointly responsible for the actions of the other.   The conduct of the four has prejudiced or will prejudice the rights of the Plaintiffs in their efforts to collect the damages owed to them as alleged above.   As a result, each Defendant is an alter-ego of the other.

78. Defendant Hansen is personally liable for any contract entered into with Plaintiffs by his alter egos, Entity Defendants.   Under the doctrine of alter ego, Entity Defendants are liable for the activities of any business entity similarly organized and controlled in that their business was conducted as a single business enterprise and merely an agency, instrumentality, or alter ego of Defendant Hansen and of each other.   Defendant Hansen is responsible and liable for the actions of his agents and alter egos, Entity Defendants.

79. Adherence to the doctrine of separate corporate entities among Entity Defendants would promote injustice or fraud in that Plaintiffs' ability to collect the amounts promised and owed to them might be impaired.

80. Entity Defendants and Defendant Hansen disregarded their respective corporate separateness by co-mingling their affairs on an interchangeable and or joint basis and by confusing the otherwise separate properties, records, and control of the companies.

81. Entity Defendants combined their respective property, supplies, and labor in their joint undertaking for profit with respect to the growing of hemp, so as to render all members or agents liable for the contractual obligations of the other members.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendants as follows:

1. Injunctive relief enjoining Defendants from housing migrant workers in unregistered agricultural labor housing, and from using the services of unlicensed farm labor contractors, pursuant to 29 U.S.C. § 1854(c), ORS 658.475 and ORS 658.805(3).

2. On their First Claim for Relief (AWPA), statutory damages of $500.00 per violation, per worker, pursuant to 29 U.S.C. §1854(c).

3. On their Second Claim for Relief (CORA), statutory damages of $500.00 per worker, pursuant to ORS 658.805(4).

4. On their Third Claim for Relief (OCRA), statutory damages of $1000.00 per violation, per worker, pursuant to ORS 658.453(4).

5. On their Fourth Claim for Relief (Nonpayment of Wages), award Plaintiffs each $4,290.00 in unpaid wages.

6. On their Fifth Claim for Relief (Penalty Wages), statutory penalty wages of $3,600.00 per worker, pursuant to ORS 652.150.

7. Plaintiff's costs and attorney fees, pursuant to ORS 658.805(4), ORS 658.453(4), ORS 658.475, and ORS 652.200(2).

8. Such other and further relief as the Court deems just, reasonable and proper.

Plaintiffs demand a jury trial.

OREGON LAW CENTER

| | |
|---|---|
| March 02, 2021 | s/ Azanet Hayden |
| _____ | _____ |
| Date | Azanet Hayden, OSB No. 203816 |
| | ahayden@oregonlawcenter.org |
| | Oregon Law Center |
| | 230 W. Hayes Street |
| | Woodburn, Oregon 97071 |
| | Telephone: 503- 981-0336 |
| | Facsimile: 503-981-0373 |

Page 13 - COMPLAINT