IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ALEJANDRO HERNANDEZ RAMIREZ, NICOLAS HERNANDEZ, and FRANCISCO VASQUEZ MARTINEZ, | Civ. No. 1:21-cv-00324-CL |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| v. | |
| COLT JAMISON HANSEN, WESTCOAST GROWERS, LLC, TOPSHELF HEMP, LLC, FIRE HEMP, LLC, | |
| Defendant. | |

CLARKE, Magistrate Judge.

This case comes before the Court on Plaintiffs' Motion for Default Judgment (#9) filed against the defendants pursuant to Federal Rule of Civil Procedure 55, and Motion for Attorney Fees (#10). The Clerk of Court entered an order of default as to all defendants on August 17, 2021 (#12). For the reasons stated below, the Court recommends Plaintiffs' motions be GRANTED.

## BACKGROUND

Plaintiffs allege that they are migrant agricultural workers who were recruited by an unlicensed contractor to work seasonally in agriculture for Defendants in Josephine County,

Oregon. Plaintiffs claim that Defendants are not registered or licensed to provide migrant agricultural housing in Oregon, and they failed to ensure that their housing complied with safety and health laws. For instance, Plaintiffs were required to stay and sleep on the premises of the worksite, and they were assigned to share a trailer home to sleep in, but they were not provided beds or bedding, so they slept on the floor. Plaintiffs allege that the trailer did not have water or working bathrooms, and it did not have air conditioning or fans to keep cool in the hot summer months. The trailer had exposed insulation, unfinished walls, and electrical wiring hanging from the ceiling. Plaintiffs and other workers did not have access to safe and sanitary cooking facilities; they were required to prepare their meals outside on an outdoor grill. They were not provided an adequate number of tables and chairs, which meant they had to stand to eat, and they were not able to prepare their meals on tables.

Plaintiffs claim that Defendants did not give them written employment disclosures or employment contracts and failed to pay them their final wages. Plaintiffs began working on June 2, 2020 and promised to pay Plaintiffs fifteen dollars an hour for agricultural labor on Defendants' hemp farm. Defendants paid Plaintiffs their wages in cash for the first three weeks that they worked but failed to pay them for the last 286 hours that they worked. Plaintiffs terminated their employment with Defendants on or about July 16, 2020, because of Defendants' failure to pay their wages.

Jurisdiction over Plaintiffs' federal claims is conferred on this Court by 28 U.S.C. §1331, in that this action arises under the laws of the United States, 29 U.S.C. §1854(a) (AWPA). This Court has supplemental jurisdiction of the claims based in Oregon law under 28 U.S.C. §1367, as all claims are so related as to form part of the same case or controversy. Venue is proper in this

Court under 28 U.S.C. § 1391(b)(1), being the judicial district in which all of the events of this litigation arise and all Defendants reside.

## LEGAL STANDARD

The decision to grant or deny a motion for default judgment is within the discretion of the court. *Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir. 1986). In exercising its discretion, the court must consider seven factors, often referred to as the *Eitel* factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon entry of default, plaintiff's well-pleaded allegations of fact regarding liability, except allegations relating to the amount of damages, will be taken as true. *Geddes v. United Fin-Group*, 559 F.2d 557, 560 (9th Cir. 1978). Plaintiff must establish damages by proof, unless the amount is liquidated or otherwise susceptible of computation. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (internal citation omitted). Relief for cases of default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Rule 54(c).

## DISCUSSION

Plaintiff's motion for default judgment and motion for attorney fees should be granted.

**I.    The *Eitel* factors weigh in favor of entering default judgment against the defendants.**

All of the factors weigh in favor of granting default judgment except the policy factor favoring a judgment on the merits. On balance, the factors strongly favor granting the motion.

**a.    The possibility of prejudice to Plaintiffs weighs in favor of default judgment.**

First, if default judgment were not granted, Plaintiffs would be denied a legal remedy against the defendants for their allegedly unlawful actions and "would be left without a remedy given defendant's failure to appear and defend themselves." *J & J Sports Prods., Inc. v. Frei*, No. 4:12-cv-0127-BLW, 2013 WL 3190685, *1 (D. Idaho Jun. 21, 2013).

Among other allegations, Plaintiffs allege that Defendants failed to pay Plaintiffs their wages when due in June and July of 2020. Plaintiffs made written demand for their unpaid wages and statutory damages on October 21, 2020, and November 17, 2020. They claim that they have attempted in good faith to resolve this dispute without litigation, and they filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) prior to filing this civil action. Thus, without a default judgment, Plaintiff would be left without a remedy for the defendant's actions in this case. This prejudice renders the first factor favorable to Plaintiff.

  **b.**  **The sufficiency of the complaint and the merits of Plaintiff's substantive claims also weigh in favor of default judgment.**

Next, Plaintiffs' Complaint sufficiently states a claim for relief, thus meeting the second, and third *Eitel* factors. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating the second and third factors require a plaintiff's allegation "state a claim on which the [plaintiff] may recover"). Since the Clerk of the Court has entered default, the well-pleaded allegations of the complaint are taken as true and are binding against the defaulting party. *Garcia v. Pacwest Contracting LLC*, 2016 WL 526236, 1 (D. Or. Feb 9, 2016) (*citing Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, the question is whether Plaintiff is entitled to recover on the facts set forth in the complaint. The Court concludes that Plaintiff is so entitled.

The claims in this case are straightforward and well-plead. First, Plaintiff alleges that Defendants violated the Migrant and Seasonal Agricultural Worker Protection Act (AWPA) in seven ways:

a. failing to provide Plaintiffs with written work disclosures upon recruitment in June of 2020, in violation of 29 USC § 1821(a),
b. failing to make, keep, and preserve accurate payroll records in June and July of 2020, in violation of 29 USC § 1821(c)(1),
c. failing to provide Plaintiffs with adequate itemized wage statements in June and July of 2020, in violation of 29 USC § 1821(c)(2),
d. failing to pay Plaintiffs all of their wages when due in June and July of 2020, in violation of 29 USC § 1822(a),
e. failing to ensure that the housing provided complied with applicable health and safety standards, in violation of 29 USC § 1823(a),
f. failing to post a notice of the terms and conditions of occupancy of housing facilities provided to the Plaintiffs in violation of 29 USC § 1821(c), and
g. using an unlicensed farm labor contractor, in violation of 29 USC § 1842.

Second, Plaintiffs allege that Defendants violated the Oregon Camp Operator

Registration Act (CORA), ORS 658.750, in the following ways:

a. violated ORS 658.755(2)(a) by not registering the agricultural labor housing with Oregon OSHA, pursuant to ORS 658.750(1),
b. violated ORS 658.717(1) by failing to post a required informational notice on a form provided by OR-OSHA,
c. violated ORS 658.755(2)(e) by failing to comply with all applicable health and safety laws,
d. violated ORS 658.755(1)(c) by assisting a person not entitled to operate agricultural labor housing to act in violation of ORS 658.705 to 658.850, or ORS 658.405 to 658.503, or ORS Chapter 654,
e. violated ORS 658.730(2) by failing to post conspicuously a farm labor contractor endorsement to operate agricultural labor housing.

Third, Plaintiffs allege that Defendants violated the Oregon Contractor Registration Act

(OCRA) by:

a. failing to pay Plaintiffs all wages when due in June and July of 2020, in violation of ORS 658.440(1)(c),
b. failing to ensure that housing complied with safety and health laws, in violation of ORS 658.440(2)(b),
c. assisting an unlicensed person to violate the OCRA by using an unlicensed contractor to recruit Plaintiffs, in violation of ORS 658.440(3)(e),
d. failing to provide Plaintiffs with written disclosure, in violation of ORS 658.440(1)(f);
e. failing to provide Plaintiffs with a written work agreement at time of hire, in violation of ORS658.440(1)(g),
f. failing to furnish wage statements to Plaintiffs, in violation of ORS 658.440(1)(h),
g. failing to timely file certified payroll records with the Oregon Bureau of Labor and Industries, in violation of ORS 658.440(1)(i).

Finally, Plaintiffs allege claims for statutory penalties under ORS 652.150 for failure to pay wages immediately upon termination of employment, as required by ORS 652.145. To obtain the statutory penalty, Plaintiffs must prove that the Defendants' conduct was "willful." *Sabin v. Willamette Western Corp.*, 276 Or 1083, 1093, 557 P2d 1344 (1976). Willful means that "the person knows what he is doing, intends to do what he is doing, and is a free agent." Plaintiffs claim their wages were not paid at the time of termination, and still have not been paid, despite repeated demand.

As to all of the claims alleged, Plaintiffs have stated an adequate claim for relief, and the substantive merits of the claims weigh in favor of granting default judgment. Plaintiff has satisfied the second and third Eitel factors.

### c.    The possibility of a dispute concerning material facts is a neutral factor, or it weighs in favor of granting default judgment.

As discussed above, the defendants have been properly served but have not appeared in this case. Without an appearance by the defendants and their version of the facts, or any other countervailing evidence, and because all well-pleaded allegations of the complaint are deemed true after entry of default, "no likelihood that any genuine issue of material fact exists" after default has been entered. *Elektra Entm't Grp. Inc v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). This factor is neutral or weighs in favor of granting default judgment.

### d.    The sum of money at stake in the action weighs in favor of granting default judgment.

"One of the factors the court is free to consider in exercising its discretion to grant or deny default judgment is the sum of money at stake." *J & J Sports Prods., Inc. v. Rafael*, No. CIV S-10-1046 LKK GGH, 2011 WL 445803, at *2 (E.D. Cal. Feb 8, 2011). Under this factor, a court considers the sum of money "in relation to the seriousness of [the defendant's] conduct."

*PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Here, Plaintiffs

claim statutory damages in the amount of $56,670.00, plus court costs of $402 and reasonable

attorney fees in the amount of $12,240.80. Based on Plaintiffs' sworn Declarations, the facts set

forth in the Complaint, and the applicable law, the total judgment amount requested is

$69,312.80. This sum of money, combined with the prejudice discussed in the first factor, weigh

in favor of granting Plaintiffs' motion.

> **e.    No evidence suggests default was due to excusable neglect; this factor is neutral or weighs in favor of granting default judgment.**

No evidence exists to suggest the defendant's failure to respond to the Complaint was due

to excusable neglect. Plaintiffs provided sworn proof of service of process. The defendant have

not appeared in this case or otherwise indicated that they will do so.. No evidence of excusable

neglect exists or is apparent in the record. This factor is neutral or weighs in favor of granting

default judgment.

> **f.    Policy favors a decision on the merits of the case; this factor weighs against default judgment.**

The one factor that weighs in favor of the defendant, and against default judgment, is the

strong policy favoring decisions on the merits. However, this factor, without more, is not

sufficient to preclude default judgment. "Although 'cases should be decided upon their merits

whenever reasonably possible,' 'the mere existence of Fed. R. Civ. P. 55(b) indicates that this

preference, standing alone, is not dispositive.'" *Garcia v. Pacwest Contracting LLC*, 2016 WL

526236, at *4 (D. Or. Feb. 9, 2016) (quoting *PepsiCo, Inc.*, 238 F. Supp. 2d. at 1177). Here, the

defendants' "failure to defend against [Plaintiffs'] claims makes a decision on the merits

impossible. Accordingly, the policy favoring decision on the merits does not preclude the Court

from entering default judgment against [the defendant]." *Id.*

### g.    Conclusion

The *Eitel* factors weigh in favor of granting Plaintiffs' motion for default judgment because the only factor that weighs against default judgment is the final, policy factor, and it is not dispositive.  Without an appearance by the defendants and their side of the facts or any other countervailing evidence, the factors weigh in Plaintiff's favor, and the Court cannot find a reason to deny the motion for default judgment.

## II.    Plaintiffs' motion for attorney fees should be granted.

Plaintiffs have prevailed on all of their state law claims for relief, each of which allows for the recovery of attorney fees. The Oregon wage claim statutes have specific provisions for attorney fees. The Oregon wage payment statute, ORS 652.200(2), provides in relevant part: "...[T]he court shall, upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees on trial and on appeal for prosecuting said action..." The Oregon Camp Operator Registration Act, ORS 658.805(4), provides: "the court may award to the prevailing party costs and disbursements and a reasonable attorney fee." The Oregon Contractor Registration Act likewise allows recovery of attorney fees under ORS 658.453(4): "In any such action the court may award to the prevailing party, in addition to costs and disbursements, reasonable attorney fees at trial and on appeal."

While Plaintiffs' claims under the Migrant and Seasonal Agricultural Workers Protection Act (AWPA) provide no basis for the recovery of fees, Plaintiff claims that all work on those claims has been necessary for recovery under the above-referenced statutes that allow for fees, particularly Plaintiffs' OCRA claims, and the Court agrees.

The Court has reviewed the statutes and Plaintiff's submitted materials and finds that the factors weigh heavily in favor of granting Plaintiff's motion for attorney fees. The amount of attorney fees sought is a reasonable sum calculated by the number of hours spent on the case by Plaintiffs' attorney Azanet Hayden, multiplied times an appropriate hourly rate, based on years of experience and specialized practice. Plaintiffs do not seek any upward adjustment of the lodestar amount. Oregon appellate courts have consistently awarded attorney fees without regard to whether the party receiving the fee award has actually paid for legal services. *See e.g., Domingo v. Anderson*, 325 Or 385 (1997) (attorney fees award sustained even though fees were actually paid by insurer). Plaintiffs seek attorney fees in the amount of $12,240.80. The hourly rate requested is reasonable; the number of hours is modest (57.2). The amount of attorney fees requested is reasonable under the circumstances of this case.

## RECOMMENDATION

For the reasons stated above, the Court recommends that Plaintiffs' motion for default judgment (#9) be GRANTED and damages awarded to Plaintiffs in the amount of $56,670.00, plus court costs of $402. Plaintiffs' motion (#10) for reasonable attorney fees in the amount of $12,240.80 should also be GRANTED.

Judgment should be entered for $69,312.80, itemized as follows:

1. Plaintiff Alejandro Hernandez Ramirez should be awarded damages in the amount of $18,890:
    a. AWPA statutory damages of $3500 ($500 for each of seven violations);
    b. unpaid wages of $4,290;
    c. ORS 652.150 statutory penalties of $3,600;
    d. OCRA statutory damages of $7,000 ($1,000 for each of seven violations);
    e. CORA statutory damages of $500
2. Plaintiff Nicolas Hernandez should be awarded damages of $18,890:
    a. AWPA statutory damages of $3,600 ($500 for each of seven violations);
    b. unpaid wages of $4,290;
    c. ORS 652.150 statutory penalties of $3,600;
    d. OCRA statutory damages of $7,000 ($1,000 for each of seven violations);

          e.  CORA statutory damages of $500.
3. Plaintiff Francisco Vasquez Martinez should be awarded damages of $18,890:
          a.  AWPA statutory damages of $3,500 ($500 for each of seven violations);
          b.  unpaid wages of $4,290;
          c.  ORS 652.150 statutory penalties of $3,600;
          d.  OCRA statutory damages of $7000 ($1,000 for each of seven violations);
          e.  CORA statutory damages of $500.
4. Court costs in the amount of $402.00.
5. Attorney fees in the amount of $12,240.80.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If objections are filed, any response to the objections is due fourteen (14) days from the date of the objections. *See* Fed. R. Civ. P. 72, 6.

DATED this ____19____ day of August, 2021.

MARK D. CLARKE
United States Magistrate Judge