Thomas F. Armosino, OSB No. 911954
Email: Armosino@fdfirm.com
Casey S. Murdock, OSB No. 144914
Email: Murdock@fdfirm.com
FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, PC
2592 East Barnett Road
Medford, OR 97504
Phone: (541) 772-2333
Fax:   (541) 779-6379
 Of Attorneys for Defendants

Wendel V. Hall, Admitted *Pro Hac Vice*
Email: wendel@halllawoffice.net
HALL LAW OFFICES, PLLC
1150 18th Street, N.W., Suite 1030
Washington D.C. 20036
Phone: (202) 507-8861
 Lead Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ALEJANDRO HERNANDEZ RAMIREZ, NICOLAS HERNANDEZ, FRANCISCO VASQUEZ MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COLT JAMISON HANSEN, an individual, WESTCOAST GROWERS, LLC., TOPSHELF HEMP, LLC, FIRE HEMP, LLC,<br><br>Defendants. | Case No.: 1:21-cv-00324-CL<br><br>**DEFENDANTS' MOTION TO RECONSIDER AND VACATE FINDINGS AND RECOMMENDATION RELATING TO PLAINTIFFS' MOTION FOR ENTRY OF A DEFAULT JUDGMENT**<br><br>**Oral Argument Requested** |

/ / /

/ / /

## LR 7-1 CERTIFICATION

Pursuant to LR 7-1, Defendants certify good-faith telephonic and e-mail conferral occurred prior to the filing of this Motion, and Plaintiffs' counsel refused to consent to voluntarily setting aside the default Order.

## I.  INTRODUCTION

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Defendants Colt Jamison Hansen, Westcoast Growers, LLC, Topshelf Hemp, LLC, and Fire Hemp, LLC therefore respectfully ask this Court to vacate its Findings and Recommendation as well as its Order granting Plaintiffs' Motion for Entry of a Default. Defendants respectfully submit that their default was not intentional, that they have meritorious defenses, and that Plaintiffs will not be cognizably prejudiced. Setting aside the entry of a default judgment is also justified because it was based on incorrect factual assertions that were presented under the penalty of perjury and which were likely material to the Court's decision.

## II.  STATEMENT OF FACTS

In 2020, a group of men, including Plaintiffs, asked Defendants for work. One of these men was a leader and took the leadership position. He supervised the others and Defendants understood that he was compensated for acting as their employer. Defendants engaged the group through its leader. Defendants paid the leader and, so far as Defendants know, he paid his employees.

In fall 2020, Defendants received a demand letter from an attorney claiming to represent Plaintiffs. The letter asserted that Plaintiffs had not been paid as they were supposed to. In spring of 2021, Defendants received a Complaint asserting that somebody owed Plaintiffs money.

Defendants investigated and were told that all members of the group had been paid and that the suit would be dropped. Defendants relied on this information.

However, the Complaint was not dropped as Defendants had been informed it would be. Despite (upon information and belief) having been paid, Plaintiffs filed a [D.E. 9] Motion for Default Judgment and a [D.E. 10] Motion for Attorneys' Fees on June 7, 2021. On August 12, 2021, Plaintiffs moved for entry of default [D.E. 11]. Plaintiffs did not confer or attempt to confer with Defendants before the filing of these motions. *See* Local Rule 7-1(a). Nor did Plaintiffs serve them on Defendants. *See* Local Rule 5-1(b). If Plaintiffs had done any of these things, Defendants would have responded to the lawsuit earlier.

Based on the representations in Plaintiffs' motion papers, the Court granted Plaintiffs' motion for entry of default on August 17, 2021 [D.E. 12]. Then, on August 19, 2021, the Court entered its Findings and Recommendation that a default judgment be entered. [D.E. 14]. An attorney for Defendants entered his appearance on September 24, 2021 [D.E. 16]. This motion follows.

### III.  ARGUMENT

The Court should vacate its Findings and Recommendation [D.E. 14] and set aside its Order Granting Entry of Default [D.E. 12] in accordance with Fed. R. Civ. P. 55 and the Ninth Circuit's overriding policy of deciding cases on the merits. This Motion is supported by the Declaration of Colt Hansen and a proposed Answer and Affirmative Defenses. (Exhibits 1 and 2, respectively). Defendants are ready, willing, and able to defend this matter.

#### A.  The Lack of a Good Faith Attempt to Confer and Non-Service of the Motion Papers Justify Setting Aside the Default.

Local Rule 7-1(a) requires a movant to confer in good faith with the opposing party before filing a motion. The rule "requires the first paragraph of every motion to certify that the parties

made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so." *Grange v. Collateral Recovery LLC*, No. 3:21-cv-00237-YY, 2021 U.S. Dist. LEXIS 138681, at *2-3 (D. Or. July 26, 2021). The obligation imposed by Local Rule 7-1(a) "is not a meaningless formality, nor is it optional; instead, the purpose of a meet and confer requirement is for the parties to engage in a meaningful dialogue about their respective positions on disputed issues to see whether they can resolve (or at least refine) the disputes without court intervention, saving time and money for the litigants as well as the court system." *Id.*

Plaintiffs are represented by experienced Oregon attorneys. Plaintiffs were aware of Local Rule 7-1(a)'s conferral requirement. Each motion recites, in the first paragraph, that: "[I]n compliance with local rule 7-1(a), Plaintiffs, through their counsel, made a good faith effort to confer with Defendants but Defendants have willfully refused." Plaintiffs knew what Local Rule 7-1(a) requires.

Plaintiffs did not comply with Local Rule 7-1(a). No one called Defendants. No telephone calls were made. No one sent a letter as far as Defendants know. Nor did any communication of any kind take place. This violates Local Rule 7-1(a). *Grange*, 2021 U.S. Dist. LEXIS 138681, at *2-3.

Proper Local Rule 7-1(a) conferral would likely have terminated the litigation. If the required conferral had taken place, Plaintiffs' counsel would have learned that Defendants had paid for the crew's services and that had, upon information and belief, received the money. This information would naturally have led to further investigation and perhaps a withdrawal of the Complaint. The misunderstanding as to who employed Plaintiffs would have been averted from the start and the case against Defendants would have been dropped. Now, of course, it is much harder to do so because Plaintiffs will feel like they must stick by their Complaint.

Plaintiffs' counsel asserts in a sworn declaration that Defendants willfully refused to speak with her. Defendants are perplexed by the statement as they were never contacted and do not know of any attempt to contact them after the Complaint was filed (they know of the demand letter). When they inquired of Plaintiffs' counsel before filing this motion, counsel declined to share the factual basis for this assertion. Perhaps Plaintiffs' Opposition hereto will provide the missing details.

Plaintiffs' failure to comply with Local Rule 7-1(a) warrants setting aside the default. *Grange*, 2021 U.S. Dist. LEXIS 138681, at *2-3. The circumstances in *Grange* are instructive. The plaintiff requested entry of default after Grange's attorney had filed a notice of appearance and consulted with Grange's attorney six days *after* filing its request for default. The *Grange* court found this to be a failure to comply with Local Rule 7-1(a) and a sufficient reason to set aside the default. *Id.*

Here, the circumstances also support setting aside the default. Plaintiffs began preparing their motion for default on or about April 12, 2021 and appear to have completed the work around April 23, 2021. *See* Declaration of A. Hayden in Support of Attorneys' Fees and Costs, ¶ 11, p. 4-5. Plaintiffs, however, waited until June 7, 2021 to file the motion. *See* Docket Entry No. 9. Plaintiffs had 56 days to confer, but did not do so and, as of yet, have not done so.[1]

Plaintiffs also violated Local Rule 5-1(b). This rule requires two things. First, it requires a litigant to serve an unregistered CM/ECF user via U.S. mail or similar means. Second, it requires that the litigant inform the Court that it served the papers via certificate of service.

---

[1] There have been numerous communications related to this motion which have canvassed a variety of issues.

Plaintiffs had Defendants' address and could have served the motion papers there via U.S. mail. If Defendants had received a single set of motion papers, the default would have been avoided. Plaintiffs did not serve the papers as required. Nor did Plaintiffs inform the Court that Plaintiffs had not served the papers. None of the relevant motions included a certificate of service providing this information. This was another violation of Local Rule 5-1(b).

Defendants respectfully ask this Court to set aside the default because Plaintiffs did not satisfy their obligation to confer with Defendants before filing the various motions relating to default or serving the motion papers as required by Local Rules 5-1(b) and 7-1(a).

### C.     The Default Should Be Set Aside Under Fed. R. Civ. P. 55(c).

Pursuant to Federal Rule of Civil Procedure 55(c), a default may be set aside for "good cause." The Ninth Circuit recently explained how courts are to evaluate good cause for these purposes:

> The Federal Rules provide that a court may set aside an entry of default for good cause. . . . To determine good cause, a court must consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.

*United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citations omitted); *Grange*, 2021 U.S. Dist. LEXIS 138681, at *3. Under this standard and in light of the importance of deciding cases on the merits, the default should be set aside.

/ / /

/ / /

### 1.     Defendants Did Not Engage in Culpable Conduct.

Defendants received the Complaint, investigated, and was told that the matter was properly resolved by the Plaintiffs' employer. Defendants moved on to other issues.

Defendants' actions were not culpable. They addressed the matter and found that it was resolved in a practical manner. Thinking that a lawsuit for wages would be terminated because the wages had been paid, Defendants went back to business. Nothing happened that would suggest otherwise. Defendants did not receive any other notices. They were not served with any motion papers.[2] All of this was as expected, since Defendants thought the issue had been–appropriately resolved. This is not culpable conduct by Defendants.

*Mesle* makes this even clearer. To be culpable, Plaintiffs must show that Defendants *intentionally* refused to participate in the proceedings for the purpose of gaining an advantage or prejudicing Plaintiffs. "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *See Mesle*, 615 F.3d at 1092 (citation omitted; emphasis in original). Specifically, "[a] defendant's conduct [is] culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* Inattentiveness is not culpable. *Id.* Defendants have provided an explanation that is certainly inconsistent "with a devious, deliberate, willful, or bad faith failure to respond."

/ / /

/ / /

---

[2]     The failure to serve Defendants or to file a certificate of service detailing efforts to serve or the accomplishment of service violated Local Rule 5-1(b) ("A filing party is responsible for perfecting service on a Non-Registered User in any manner permitted by the Federal Rules of Civil Procedure or these local rules and for filing a Certificate of Service.") The delivery of a single motion would have alerted Defendants to the fact that Plaintiffs had not dropped the lawsuit.

Page 7 - DEFENDANTS' MOTION TO RECONSIDER AND VACATE FINDINGS AND RECOMMENDATION RELATING TO PLAINTIFFS' MOTION FOR ENTRY OF A DEFAULT JUDGMENT

### 2. Defendants Have a Meritorious Defense.

Defendants have meritorious defenses. The Complaint alleges that Defendants did not pay an independent contractor's employees. Defendants had no duty to pay them. *See* Complaint, ¶ 77 (Defendants liable for allegedly making it harder for Plaintiffs to collect from their employer). Plaintiffs admit that Defendants were not their employer. This alone defeats all asserted liability. Defendants Answer (Ex. 2) reflects these meritorious defenses.

### 3. Plaintiffs Will Not be Prejudiced.

Plaintiffs will not be prejudiced. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095. Plaintiffs do not articulate any form of prejudice in their motion. As for the slight delay, that is almost entirely caused by Plaintiffs' two-month delay in filing the motion for default and lack of conferral. This motion is being filed on the heels of the Court's actions granting the default and submitting the Findings and Recommendation. There is no prejudicial delay and certainly none that outweighs the paramount interest in deciding cases on the merits whenever possible. Plaintiffs have asserted to the Court by signing the Complaint that they think (albeit incorrectly) that they can prove their case. There is no prejudice in asking them to do so.

### IV. CONCLUSION

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Defendants regret their lack of attention to this matter, but respectfully submit that they did not act unreasonably in the circumstances and have satisfied the "good cause" standard of Rule 55(c). Plaintiffs did not comply with two critical local rules – compliance with either of which would have obviated the default. Defendants' delay was not culpable; they reasonably

thought the problem had been taken care of. They have meritorious defenses; Defendants believe that Plaintiffs were paid and, even if they are wrong in this belief, they should be suing their employer. Plaintiffs will not experience any prejudice, except of being required to prove their case rather than scoring a non-merits "win."

For the foregoing reasons, Defendants respectfully request that the Court vacate its Findings and Recommendation and set aside its Order Granting Entry of Default.

DATED this 7th day of October, 2021.

        HALL LAW OFFICES, PLLC

        *s/ Wendel V. Hall*
        Wendel V. Hall, Admitted *Pro Hac Vice*
        wendel@halllawoffice.net
        Lead Counsel for Defendants

        FROHNMAYER, DEATHERAGE, JAMIESON,
        MOORE, ARMOSINO & McGOVERN, P.C.

        *s/ Casey S. Murdock*
        Casey S. Murdock, OSB #144914
        Murdock@fdfirm.com
        Thomas F. Armosino, OSB #911954
        Armosino@fdfirm.com
        Of Attorneys for Defendants

Thomas F. Armosino, OSB No. 911954
Email: Armosino@fdfirm.com
Casey S. Murdock, OSB No. 144914
Email: Murdock@fdfirm.com
FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, PC
2592 East Barnett Road
Medford, OR 97504

Phone:     (541) 772-2333

Fax:       (541) 779-6379
 Of Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| ALEJANDRO HERNANDEZ RAMIREZ, NICOLAS HERNANDEZ, FRANCISCO VASQUEZ MARTINEZ, <br><br>         Plaintiffs, <br><br> v. <br><br> COLT JAMISON HANSEN, an individual WESTCOAST GROWERS, LLC., TOPSHELF HEMP, LLC, FIRE HEMP, LLC, <br><br>         Defendants. | Case No.: 1:21-cv-00324-CL <br><br> **DECLARATION OF COLT JAMISON HANSEN IN SUPPORT OF DEFENDANTS' MOTION TO RECONSIDER AND VACATE THE FINDINGS & RECOMMENDATION RELATING TO PLAINTIFFS' MOTION FOR ENTRY OF A DEFAULT JUDGMENT** |
|---|---|

I, Colt Jamison Hansen, declare:

1. I am filing this declaration in support of Defendants' Motion to Reconsider and Vacate the Findings & Recommendation Relating to Plaintiffs' Motion for Entry of a Default Judgment.

2. In the fall of 2020, I received correspondence from an attorney's office concerning wages that were claimed to be owed to certain individuals.

3. I did not owe these individuals any wages because neither I nor any of the companies named in the lawsuit employed them. I did pay the independent contractor who employed them what I owed in the normal course of business.

4. In the spring of 2021, I received a Summons and Complaint for back wages and other damages. The documents asserted that I and/or the companies listed in the Complaint had or may have employed the individuals. That is untrue. Nevertheless, I checked the allegations out. The information I received was that everyone had been paid what their employer (not us) owed them. It was my understanding that the lawsuit would be dropped as a result.

6. Because I had a good faith reason to believe the lawsuit would be dropped, I did not engage counsel nor do anything to respond.

7. I believe that I have a bona fide and meritorious defense to these claims.

8. Following service of the Complaint, I never received any written, electronic, or voice mail communication from the lawyers who filed the Complaint, nor did I have any direct discussions with them. Nor did I receive copies of the Court papers that the attorney filed. This was consistent with what I expected given what I heard when I made inquiries.

If I had received further papers, I would have taken immediate action to find out what was going on, to get legal advice, and to address the issue just as I did upon receiving the other papers. I did not deliberately or intentionally delay the legal process. I would like to get this

Exhibit 1 - Page 1 of 2

matter taken care of, with due legal process of course. I don't know of course. These things take time and do not want to rush.

9. At no time did I willfully refuse to cooperate with an attorney. I never spoke with any attorney. The only communication I received from an attorney was a letter that arrived during the middle of the pandemic and which I believed I had taken appropriate remedial measures, as business matter, to deal with the independent contractor's alleged failure to handle the matter of wages. If I had spoken to an attorney, I would have acted promptly to address the matter.

10. I had my lawyers prepare an Answer to the Complaint and directed them to submit it in the way the Court requires.

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.**

DATED this __7__ day of __October__, 2021.

_____
Colt Jamison Hansen

Page 1 – DECLARATION OF COLT JAMISON HANSEN IN SUPPORT OF DEFENDANTS' MOTION TO RECONSIDER AND VACATE THE FINDINGS & RECOMMENDATION RELATING TO PLAINTIFFS' MOTION FOR ENTRY OF A DEFAULT JUDGMENT

Exhibit 1 - Page 2 of 2

**Thomas F. Armosino, OSB No. 911954**
Email: Armosino@fdfirm.com
**Casey S. Murdock, OSB No. 144914**
Email: Murdock@fdfirm.com
FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, PC
2592 East Barnett Road
Medford, OR  97504
Phone: (541) 772-2333
Fax:    (541) 779-6379
  Of Attorneys for Defendants

**Wendel V. Hall, Admitted *Pro Hac Vice***
Email: wendel@halllawoffice.net
HALL LAW OFFICES, PLLC
1150 18th Street, N.W., Suite 1030
Washington D.C. 20036
Phone: (202) 507-8861
  Lead Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ALEJANDRO HERNANDEZ RAMIREZ, NICOLAS HERNANDEZ, FRANCISCO VASQUEZ MARTINEZ, <br><br>Plaintiffs,<br><br>v.<br><br>COLT JAMISON HANSEN, an individual WESTCOAST GROWERS, LLC., TOPSHELF HEMP, LLC, FIRE HEMP, LLC,<br><br>Defendants. | Case No.:  1:21-cv-00324-CL<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**<br><br>**Demand for Jury Trial** |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Colt Jamison Hansen, Westcoast Growers, LLC, Topshelf, LLC, and Fire Hemp, LLC, by and through the undersigned counsel, answer the Complaint as follows:

Page 1 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Exhibit 2 -
Page 1 of 8

## I.  PRELIMINARY STATEMENT

1. Defendants deny the allegations of Paragraph 1 of the Complaint.

2. Defendants neither admit nor deny the allegations of Paragraph 2 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

## II.  JURISDICTION AND VENUE

3. Defendants neither admit nor deny the allegations of Paragraph 3 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8. Defendants deny that Plaintiffs have standing to seek relief under Article III of the United States Constitution and that, therefore, this Court lacks subject matter jurisdiction.

4. Defendants neither admit nor deny the allegations of Paragraph 4 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8. Defendants deny that Plaintiffs have standing to seek relief under Article III of the United States Constitution and that, therefore, this Court lacks subject matter jurisdiction.

5. Defendants neither admit nor deny the allegations of Paragraph 5 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

## III.  PARTIES

6. Defendants deny the allegations of Paragraph 6 of the Complaint.

7. Defendants deny the allegations of Paragraph 7 of the Complaint.

8. Defendants deny the allegations of Paragraph 8 of the Complaint.

9. Defendants neither admit nor deny the allegations of Paragraph 9 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

10. Defendants admit the first sentence of Paragraph 10 of the Complaint. Defendants neither admit nor deny the remainder of the allegations of Paragraph 10 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

11. Defendants neither admit nor deny the remainder of the allegations of Paragraph 11 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

12. Defendants neither admit nor deny the remainder of the allegations of Paragraph 12 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

13. Defendants neither admit nor deny the remainder of the allegations of Paragraph 13 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

## IV.  FACTS

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants neither admit nor deny the allegations of Paragraph 15 as they lack sufficient information as to form a belief as to the truth of the matter asserted.

16.-24. Defendants deny the allegations of Paragraphs 16-24 of the Complaint as they did not fail to execute any obligations that they may have owed to Plaintiffs.

25.-30. Defendants neither admit nor deny the allegations of Paragraphs 25-30 as they lack sufficient information as to form a belief as to the truth of the matter asserted.

31.-32. Defendants deny the allegations of Paragraphs 31-32 of the Complaint as they did not fail to execute any obligations that they may have owed to Plaintiffs.

33. Defendants neither admit nor deny the allegations of Paragraph 33 as they lack sufficient information as to form a belief as to the truth of the matter asserted.

34.-41. Defendants deny the allegations of Paragraphs 34-41 of the Complaint as they did not fail to execute any obligations that they may have owed to Plaintiffs.

42. Defendants neither admit nor deny the remainder of the allegations of Paragraph 42 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

43. Defendants neither admit nor deny the allegations of Paragraph 43 as they lack sufficient information as to form a belief as to the truth of the matter asserted.

44. Defendants deny the allegation of Paragraph 44 of the Complaint.

45. Defendants neither admit nor deny the allegations of Paragraph 45 as they lack sufficient information as to form a belief as to the truth of the matter asserted.

46.-48. Defendants deny the allegation of Paragraph 46-48 of the Complaint.

### V.   CLAIMS FOR RELIEF

### FIRST CLAIM:

### (Migrant and Seasonal Agricultural Worker Protection Act (AWPA))

49. Defendants incorporate their answers to Paragraphs 1-48 as if fully restated herein.

50. Defendants deny the allegations of Paragraphs 50 and all subparts of the Complaint because Plaintiffs are not entitled to any relief.

51. Defendants deny the allegation of Paragraph 51 of the Complaint.

52. Defendants deny the allegation of Paragraph 52 of the Complaint.

/ / /

/ / /

## SECOND CLAIM:

### (Oregon Camp Operator Registration Act (CORA) ORS 658.750)

53.     Defendants incorporate their answers to Paragraphs 1-52 as if fully restated herein.

54.     Defendants deny the allegations of Paragraphs 54 and all subparts of the Complaint because Plaintiffs are not entitled to any relief.

55.-57.     Defendants deny the allegations of Paragraphs 55-57 and all subparts of the Complaint because Plaintiffs are not entitled to any relief.

## THIRD CLAIM:

### (Oregon Contractor Registration Act (OCRA) ORS 658.440)

58.     Defendants incorporate their answers to Paragraphs 1-57 as if fully restated herein.

59.     Defendants deny the allegations of Paragraphs 59 and all subparts of the Complaint because Plaintiffs are not entitled to any relief.

60.-61.     Defendants deny the allegations of Paragraphs 60-61 and all subparts of the Complaint because Plaintiffs are not entitled to any relief.

## FOURTH CLAIM:

### (Nonpayment of Wages ORS 652.145)

62.     Defendants incorporate their answers to Paragraphs 1-61 as if fully restated herein.

63.     Defendants deny the allegations of Paragraph 63 of the Complaint.

64.     Defendants neither admit nor deny the allegations of Paragraph 64 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

65.     Defendants neither admit nor deny the allegations of Paragraph 65 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

66. Defendants neither admit nor deny the allegations of Paragraph 66 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

67. Defendants deny the allegations of Paragraph 67 of the Complaint.

### FIFTH CLAIM:

### (Late Payment of Wages ORS 652.150)

68. Defendants incorporate their answers to Paragraphs 1-67 as if fully restated herein.

69. Defendants deny the allegations of Paragraph 69 of the Complaint.

70. Defendants neither admit nor deny the allegations of Paragraph 70 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

71. Defendants neither admit nor deny the allegations of Paragraph 71 of the Complaint as they state legal conclusions, not statements of fact as required by Fed. R. Civ. P. 8.

### SIXTH CLAIM:

### (Veil Piercing Claims Against Colt Jamison Hansen)

72. Defendants incorporate their answers to Paragraphs 1-71 as if fully restated herein.

73.-81. Defendants deny the allegations of Paragraphs 73-81 of the Complaint.

Defendants deny that Plaintiffs are entitled to any relief.

Defendants request this matter be heard by a 12-person jury.

### AFFIRMATIVE DEFENSES

Defendants allege the following defenses. By listing a defense here, Defendants do not take a position as to whether the defense is or is not an affirmative defense or accept the burden of proof on an issue if the law does not otherwise impose such burden upon it.

1. Defendants object to the trial of any issue not expressly raised by the pleadings. Defendants do not expressly or impliedly consent to the trial of such issues, and none of its actions shall be so construed.

2. Plaintiffs have failed to state a claim upon which relief can be granted.

3. Plaintiffs failed to satisfy all conditions precedent to their claims for relief.

4. Plaintiffs failed to exhaust their administrative remedies. Among other things, they should have first filed a Complaint with BOLI before suing under the Oregon Contractors' Registration Act. Defendants have no information that such a Complaint ever filed.

5. Defendants have fully performed their duties under all agreements or acts, and no other duties or obligations to Plaintiffs exist.

6. Plaintiffs have waived a right to recover, have otherwise released their claims against Defendants, or have otherwise ratified Defendants' acts.

7. Defendants are not the proper defendants in this action. Plaintiffs have failed to join a necessary party without whom the matters herein cannot be properly adjudicated.

8. Defendants did not employ Plaintiffs and cannot be held liable for action or inaction of a third party.

9. This Court lacks subject matter jurisdiction under Article III as to claims for injunctive relief because Plaintiffs lack standing.

10. There was accord and satisfaction.

## VI. PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Defendants pray for the entry of judgment as follows:

1. Dismissing Plaintiffs' claims with prejudice.

2. Awarding Defendants their costs and disbursements incurred herein.

3. Granting such additional relief as the Court deems just and appropriate.

Defendants deny that any relief is due and denies allegations that may be pled in the prayer of relief.

**DEFENDANTS HEREBY FURTHER REQUEST A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

Dated this 7th day of October, 2021.

HALL LAW OFFICES, PLLC

*s/ Wendel V. Hall*
Wendel V. Hall, Admitted *Pro Hac Vice*
wendel@halllawoffice.net
Lead Counsel for Defendants

FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.

*s/ Casey S. Murdock*
Casey S. Murdock, OSB #144914
Murdock@fdfirm.com
Thomas F. Armosino, OSB #911954
Armosino@fdfirm.com
Of Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' MOTION TO RECONSIDER AND VACATE FINDINGS AND RECOMMENDATION RELATING TO PLAINTIFFS' MOTION FOR ENTRY OF A DEFAULT JUDGMENT** upon:

| | |
|---|---|
| Mark J. Wilk, OSB #814218<br>mwilk@oregonlawcenter.org<br>Azanet Hayden, OSB #203816<br>ahayden@oregonlawcenter.org<br>Veronica Digman-McNassar, OSB #120792<br>vdigman@oregonlawcenter.org<br>Oregon Law Center<br>230 W. Hayes Street<br>Woodburn, OR 97071<br>Attorneys for Plaintiffs | Stephen Walters, OSB #801200<br>swalters@oregonlawcenter.org<br>Oregon Law Center<br>522 SW 5th Avenue, Suite 812<br>Portland, OR 97204<br>Attorney for Plaintiffs |

☒   by automatic electronic transmission via the Court's Case Management and Electronic Case Filing practice.

☐   by mailing to said attorneys a copy thereof, certified by me as such, contained in a sealed envelope, with postage paid, addressed to said attorneys at said attorneys' last known address and deposited in the post office at Medford, Oregon, on the date set forth below

DATED this 7th day of October, 2021.

HALL LAW OFFICES, PLLC

*s/ Wendel V. Hall*
Wendel V. Hall, Admitted *Pro Hac Vice*
wendel@halllawoffice.net
Lead Counsel for Defendants

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.

*s/ Casey S. Murdock*
Casey S. Murdock, OSB #144914
Murdock@fdfirm.com
Thomas F. Armosino, OSB #911954
Armosino@fdfirm.com
Of Attorneys for Defendants

Page 1 – CERTIFICATE OF SERVICE