IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ALEJANDRO HERNANDEZ RAMIREZ,
NICOLAS HERNANDEZ,
FRANCISCO VANQUEZ MARTINEZ,

Case No. 1:21-cv-0324-CL

Plaintiffs,

v.

**OPINION AND ORDER**

COLT JAMISON HANSEN,
WESTCOAST GROWERS, LLC.,
TOPSHELF HEMP, LLC.,
FIREHEMP, LLC.,

Defendants.

---

CLARKE, Magistrate Judge

This matter comes before the Court on a motion for reconsideration (#20), filed by the defendants. On August 17, 2021, default was entered by the Clerk of Court against the defendants, and on August 19 this Court recommended that a Default Judgment should be entered as well. On September 24 counsel filed an appearance on behalf of defendants, and on October 7 the motion for reconsideration was filed. A telephonic oral argument hearing was held on November 10.

For the reasons below, the motion for reconsideration (#20) is DENIED and the Court's Findings and Recommendation (#14) is referred to the District Court for review without amendment.

## DISCUSSION

### I.  Defendants have not demonstrated good cause to set aside default.

Under Rule 55(c), the court, in its discretion, "may set aside an entry of default for good cause." *See Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (holding a court's decision under Rule 55(c) is reviewed for abuse of discretion). In determining whether a party has demonstrated "good cause," the court considers three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). As these factors are disjunctive, the district court is free to deny the motion if any of the three factors is true. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir.2000). "The court's discretion is especially broad where ... it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

While only one of the three factors is necessary, the Court finds that both the first and the second factors provide sufficient reason to deny the motion to set aside entry of default. Defendants engaged in culpable conduct that led to the default, and they have presented no meritorious defense.

### a.  Defendants engaged in culpable conduct.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *CWT Canada II LP v. Danzik*, 2017 WL 1437557, at *2 (D. Ariz. Apr. 24, 2017) (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001); *see also Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)

(defendant "intentionally declined" service). The Ninth Circuit has established two separate standards for whether a party has "intentionally" failed to answer such that they are culpable. The applicable standard depends on whether the party seeking to set aside default is considered "legally sophisticated." *Mesle*, 615 F.3d at 1093.

When parties are legally sophisticated, the court may deem their conduct culpable if they have "received actual or constructive notice of the filing of the action and failed to answer[.]" *Franchise Holding II*, 375 F.3d at 926. When a party is not legally sophisticated, "the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1091 (quoting *TCI Group*, 244 F.3d at 697). "[A] defendant's conduct [is] culpable ... where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.*

A party is legally sophisticated when it has experience in lawsuits involving issues similar to those in the current litigation. *See TCI Group*, 244 F.3d at 699 n.6 ("we have tended to consider the defaulting party's general familiarity with legal processes or consultation with lawyers at the time of the default as pertinent to the determination whether the party's conduct in failing to respond to legal process was deliberate, willful or in bad faith."); *Clearwater 2007 Note Program, LLC v. Piell*, 2014 WL 576098, at *3 (D. Idaho Feb. 11, 2014) (finding that a party was legally sophisticated, and thus culpable for failing to respond to a summons, stating "[t]his is not [defendant's] first time in federal court and the fact of his prior familiarity with the world of lending and lawsuits is of significance in this motion."). Parties are also legally sophisticated when

they are "well aware of the dangers of ignoring service." *Mesle*, 615 F.3d at 1093 (citing *Direct Mail Specialists*, 840 F.2d at 690).

In contrast, parties are not legally sophisticated when they are unrepresented by counsel at the time of default and are generally unfamiliar with the litigation process. *See Mesle*, 615 F.3d at 1093 ("Here, we need not determine, however, whether *the Franchise Holding II* standard applies to more than sophisticated parties represented by counsel who may be presumed aware of their actions ... Mesle is not a lawyer and [ ] he was unrepresented at the time of default."); *see also Lowery v. Barcklay*, 2014 WL 47349, at *5 (D. Ariz. Jan. 7, 2014) (finding defendant was not legally sophisticated because he was not a lawyer and was not represented when the Clerk entered default in the action.).

Here, the defendants' legal sophistication is somewhat unclear. Mr. Hansen is the owner of several large hemp organizations and operations. He and his organizations have faced and are facing other litigation in this Court. They were represented by counsel at the time Plaintiffs sought entry of default, though it seems they were not represented at the time of service of the summons and Complaint, nor at the time they failed to answer. In another case in this Court, *Ordonez Gregorio et al v. Hansen et al*, Civ. No. 1:21-cv-0178, the defendants, including Mr. Hansen, filed a motion for extension of time to file an Answer on August 13, 2021 (#11). Thus, at some point, the defendants became aware that they should consult with attorneys regarding a served summons and complaint, and they knew that the service of such papers required a response.

Even if Mr. Hansen and the other defendants should be considered legally unsophisticated, their conduct was still culpable. It is undisputed that they received notice of the filing of the action and intentionally failed to answer. While Mr. Hansen contends that he "investigated" the claims asserted in Plaintiffs' complaint and "confirmed" that they had been paid, there are no facts

included in his declaration to show good cause for why he believed "the lawsuit would be dropped" without an Answer or other response on his part. He did not attempt to contact Plaintiffs' attorneys, nor did he contact the Court to determine whether the action had been dismissed. Even construing the facts entirely in the defendants' favor, there is no dispute that Mr. Hansen received two demand letters and a summons to federal court and he willfully did not respond. For these reasons, the first factor is met, and the defendants are culpable in the conduct leading to default.

### b. The defendants present no meritorious defense.

Even if the defendants were not culpable in their conduct leading to default, they present no meritorious defense to the claims alleged, providing a second, independent reason to deny their motion to set aside entry of default.

A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. *See Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir.1969) (holding that district court had not erred in declining to vacate default judgment when defendant offered "mere general denial without facts to support it"). The burden on a party seeking to vacate a default judgment is not extraordinarily heavy. *See, e.g., In re Stone*, 588 F.2d 1316, 1319 n. 2 (10th Cir.1978) (explaining that the movant need only demonstrate facts or law showing the trial court that "a sufficient defense is assertible").

Here, Plaintiffs bring claims under the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), the Oregon Camp Operator Registration Act (CORA) (ORS 658.750), and the Oregon Contractor Registration Act (OCRA) (ORS 658.440). They allege that they are migrant agricultural workers who were recruited by an unlicensed contractor to work seasonally in agriculture for the defendants in Josephine County, Oregon. Plaintiffs claim that the defendants are not registered or licensed to provide migrant agricultural housing in Oregon, and they failed to

ensure that their housing complied with safety and health laws. For instance, Plaintiffs were required to stay and sleep on the premises of the worksite, and they were assigned to share a trailer home to sleep in, but they were not provided beds or bedding, so they slept on the floor. Plaintiffs allege that the trailer did not have water or working bathrooms, and it did not have air conditioning or fans to keep cool in the hot summer months. The trailer had exposed insulation, unfinished walls, and electrical wiring hanging from the ceiling. Plaintiffs and other workers did not have access to safe and sanitary cooking facilities; they were required to prepare their meals outside on an outdoor grill. They were not provided an adequate number of tables and chairs, which meant they had to stand to eat, and they were not able to prepare their meals on tables.

Plaintiffs claim that the defendants did not give them written employment disclosures or employment contracts and failed to pay them their final wages. Plaintiffs began working on June 2, 2020 and promised to pay Plaintiffs fifteen dollars an hour for agricultural labor on Defendants' hemp farm. Plaintiffs assert that defendants paid Plaintiffs their wages in cash for the first three weeks that they worked but failed to pay them for the last 286 hours that they worked. Plaintiffs terminated their employment with Defendants on or about July 16, 2020, because of the defendants' failure to pay their wages.

In moving to set aside the default, the defendants assert that they were not Plaintiffs' employers because they used an "independent contractor," who hired Plaintiffs. Defendants do not assert that this person was a licensed farm labor contractor, however. Under AWPA even if the defendants used an independent contractor to hire farm laborer, they were required to verify that was contractor was licensed:

> No person shall utilize the services of any farm labor contractor to supply any migrant or seasonal agricultural worker unless the person first takes reasonable steps to determine that the farm labor

> contractor possesses a certificate of registration which is valid and
> which authorizes the activity for which the contractor is utilized.

29 USC § 1842. Defendants do not purport to have taken such reasonable steps to verify the contractor's registration status, not have they presented a defense or any facts to show that they were exempt from this regulation.

Defendants also assert that Mr. Hansen "confirmed" that the Plaintiffs "were paid," but Mr. Hansen's declaration provides no specific factual basis for that confirmation to the Court. Defendants do not address the other allegations regarding a license and registration to provide migrant housing, nor do they contend that they provided safe and adequate living and working conditions. Light though it may be, defendants have not carried their burden to show any form of meritorious defense against the claims alleged. For this reason, even if defendants' actions in failing to answer the complaint were not culpable, the motion to set aside default is denied.

## II.   Plaintiffs did not run afoul of the rules for service or conferral; nor did Plaintiffs' counsel act without due professionalism.

Federal Rule of Civil Procedure 5 establishes the requirements for filing and serving pleadings and other papers, and it states: "No service is required on a party who is in default for failing to appear." Fed R. Civ. Pro. 5(a)(2). Similarly, FRCP 55(b)(2) requires service of a motion for entry of a default judgment only when "the person against whom a default judgment has sought has appeared personally or by representative . . . ." Local Rule 55-1 supplements this provision, stating:

> If the party against whom an order or judgment of default pursuant
> to Fed. R. Civ. P. 55 is sought has filed an appearance in the action
> or has provided written notice of intent to file an appearance to the
> party seeking an order or judgment of default, then LR 7-1 and LR
> 83-8 apply, and the parties must make a good faith effort to confer
> before a motion or request for default is filed.

LR 55-1. Here, the defendants had not appeared personally or by representative, and they had not filed an appearance nor provided written notice of intent to file an appearance at the time Plaintiffs requested entry of default and default judgment. Therefore, FRCP 55(b)(1) and LR 55-1 did not apply. After failing to respond to two demand letters and a summons, it was reasonable for Plaintiffs to believe defendants did not intend to appear in this case and Plaintiffs were not required to confer prior to requesting default, nor was service of the motion required.

Finally, during oral argument, defense counsel raised an issue of professionalism regarding Plaintiffs' counsel failure to notify defense counsel of the impending default in this case. Plaintiffs' counsel represents a second group of plaintiffs who are bringing nearly identical claims against these same defendants, although the allegations in that complaint take place at a different point in time (Fall 2020 vs Summer 2020). Defense counsel pointed out that, on the same day in mid-August that the attorneys conferred regarding that other case, Plaintiffs in this case filed a motion for entry of default, without mentioning it to defense counsel. Defense counsel asserts that professionalism and collegiality should have compelled Plaintiffs' counsel to give verbal notice at that time. The Court disagrees.

This Court places a high emphasis on respect for parties and lawyers and expects a high degree of professionalism at all times. In this instance, however, the ethical obligation Plaintiffs' attorney had to her clients at least matched, if not superseded any unspoken comradery or rules of professionalism between members of the Oregon State Bar.

Defendants' motion (#20) is DENIED. The Findings and Recommendation (#14) is hereby referred to the District Court for review without amendment.

IT IS SO ORDERED and DATED this ___ day of November, 2021.

MARK D. CLARKE
United States Magistrate Judge