IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ALEJANDRA HERNANDEZ RAMIREZ,
NICOLAS HERNANDEZ, and
FRANCISCO VASQUEZ MARTINEZ

        Plaintiffs,

    v.

COLT JAMISON HANSEN, an individual,
WESTCOAST GROWERS, LLC,
TOPSHELF HEMP, LLC, and FIRE
HEMP, LLC,

        Defendants.

Case No. 1:21-cv-00324-CL

OPINION & ORDER

MCSHANE, Judge:

    Magistrate Judge Mark D. Clarke filed a Findings and Recommendation on August 19, 2021, recommending the Court grant Plaintiffs' motion for default judgment. F. & R., ECF No. 14. Defendants were served on March 16, 2021 and had failed to appear. *See* Affidavit Service, ECF No. 8. Defendants still did not appear until September 24, 2021, moving for reconsideration two weeks later. Notice Appear., ECF No. 16; Mot. Recons., ECF No. 20. Judge Clarke denied the motion for reconsideration and referred the Findings and Recommendation without amendment. Op. Order, ECF No. 26. The matter is now before this Court on Defendants'

1 – OPINION & ORDER

objections. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72. I review *de novo*. *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1998). I find no error and conclude the report is correct.

Defendants first object to how Judge Clarke weighed the factors in denying their motion for reconsideration. Defs.' Obj. to Mag. Judge's Op. Order, ECF No. 27. In its discretion, a court may set aside an entry of default or default judgment for "good cause." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004); Fed. R. Civ. P. 55(c), 60(b). "To determine 'good cause', a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*.

Defendants' culpable conduct led to the default. "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). Culpability is distinguished from excusable neglect and must be "willful, deliberate, or evidence of bad faith." *Id*. Before filing suit, Plaintiffs' attorney sent two letters to Defendant Colt Hansen. Defs.' Obj. 2–3. Mr. Hansen did not respond to either letter. *Id*. at 3. When he was served on March 16, 2021, Defendant "investigated," but did not answer or otherwise appear until more than six

months later.[1] *Id*. Defendants' failure to appear was not mere oversight but rather a continued refusal to engage with Plaintiffs.

Defendants then object to how Judge Clarke weighed the factors in recommending the Court enter a default judgment. Defs.' Obj. 14–15. A court should consider the following factors before entering a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Judge Clarke found that all but the last factor weighed in favor of entering default judgment. F. & R. 3–8. While the possibility of prejudice to the Plaintiff has dissipated somewhat, now that Defendants have finally appeared, the Court still finds that the *Eitel* factors weigh in favor of default judgment. Plaintiffs allege they were not paid wages due in June and July of 2020, more than eighteen months ago. Further delay would certainly prejudice Plaintiffs, who are migrant farm workers.

Factors two, three, and five also weigh in favor of default judgment. After entry of default, the well-pleaded allegations of the complaint are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). As Judge Clarke noted, Plaintiffs' claims are "straightforward and well-plead." F. & R. 4. While Defendants argue that Plaintiffs' claims "fail as a matter of law," they have not introduced any new information to show that Plaintiffs' claims

---

[1] As Judge Clarke noted, "Mr. Hansen is the owner of several large hemp organizations and operations [that] have faced and are facing other litigation in this Court." Op. Order 4, ECF No. 26. Defendants were represented by counsel for another case when the motion for entry of default was filed. Id. Defendants could have consulted with an attorney at any time after receiving the first letter from Plaintiffs on October 21, 2020. Instead, Defendants willfully chose not to respond.

3 – OPINION & ORDER

are without merit. Defs.' Obj. 14. Plaintiffs claim only statutory damages, plus court costs and reasonable attorney fees. This also weighs in favor of default judgment.

Finally, as discussed above, default was due to Defendants' own culpable conduct, not excusable neglect. While there is a strong policy favoring decisions on the merits, this does not preclude the Court from entering default judgment.

Magistrate Judge Clarke's Findings and Recommendation (ECF No. 14) is adopted in full. Plaintiffs' Motion for Default Judgment (ECF No. 9) is GRANTED and damages awarded to Plaintiffs in the amount of $56,670.00, plus court costs of $402. Plaintiffs' Motion for Attorney Fees (ECF No. 10) is also GRANTED, in the amount of $12,240.80.

IT IS SO ORDERED.

DATED this 21st day of March, 2022.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge